# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL D. WALKER,

              Petitioner,

v.

JAMES HEIMGARTNER, et al.,

              Respondents.

Case No. 15-cv-3230-DDC

## MEMORANDUM AND ORDER

On March 31, 2017, the court denied petitioner Michael D. Walker's Petition for Writ of Habeas Corpus (Doc. 26) and entered Judgment (Doc. 27). On April 27, 2017, petitioner filed a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e). It asserts that the court erred when it denied his petition for federal habeas corpus relief under 28 U.S.C. § 2254. For reasons explained below, the court denies petitioner's motion.

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of judgment. A court may grant a motion to alter or amend a judgment under Rule 59(e) under one of the following three grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012). A Rule 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Petitioner presents no reason to grant his Motion to Alter or Amend under this standard. The motion first asserts that the court erred by failing to "notif[y] petitioner that his petition was a mixed petition and that he either had to dismiss the unexhausted claims or stay the petition and return to the Kansas Supreme Court to finish exhausting them to prevent them from being barred forever." Doc. 28 at 1. Petitioner's argument fails for two reasons.

First, petitioner's unexhausted claims are procedurally barred. The court explained the extensive procedural history of petitioner's case in its March 31, 2017 Memorandum and Order. *See* Doc. 26 at 5–7. And, the court held that several of petitioner's claims were procedurally barred because the district court ruled that certain claims raised in petitioner's Kan. Stat. Ann. § 60-1507 motion were time-barred, the Kansas Court of Appeals affirmed that ruling, and petitioner never filed a Petition for Review by the Kansas Supreme Court challenging that holding. *Id.* at 9. Petitioner thus never presented the claims to the highest state court in Kansas, and the doctrines of exhaustion and procedural default bar petitioner from asserting them here. *Id.* at 9–11.

Petitioner's state collateral post-conviction proceedings ended on September 14, 2015, when the Kansas Supreme Court denied review of the Kansas Court of Appeals' decision denying petitioner's amended motion for post-conviction relief under Kan. Stat. Ann. § 60-1507. *See Walker v. State*, 329 P.3d 1253, 2014 WL 3843084 (Kan. Ct. App. Aug. 1, 2014) (unpublished table opinion) (identifying that the Kansas Supreme Court denied review on Sept. 14, 2015). This decision resolved all claims—both exhausted and defaulted—that petitioner raised in his § 60-1507 motion. Petitioner never identifies any exceptional procedure that would allow him to return to the Kansas Supreme Court to finish exhausting his defaulted claims. And,

he fails to assert the existence of any other remedy available in the Kansas courts that would allow him to assert the defaulted claims. To the contrary, these claims are procedurally barred.

Second, although petitioner filed a mixed petition asserting both exhausted and unexhausted claims, the court did not err by ruling the mixed petition's exhausted claims. The court was "faced with a mixed petition" where "the petitioner's unexhausted claims would now be procedurally barred in state court." *Harris v. Champion*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995). In such circumstances, "there is a procedural default for purposes of federal habeas." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). And, when this occurs, "instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims." *Id.* That is precisely what the court did here.

Finally, petitioner asserts that his court-appointed attorney was incompetent for failing "to file a petition for review on the Kansas Court of Appeals' decision holding that several of his issues [raised in petitioner's motion for post-conviction relief under Kan. Stat. Ann. § 60-1507] did not relate back to the original filing of his habeas petition." Doc. 28 at 2. Section 2254 specifically prohibits petitioner from asserting an ineffective assistance of counsel claim based on his counsel's actions in a collateral post-conviction proceeding. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). So, petitioner's final argument also provides no reason to grant him relief.

For all these reasons, the court denies petitioner's Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e).

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner Michael D. Walker's Motion to Alter or Amend (Doc. 28) is denied.

**IT IS SO ORDERED.**

**Dated this 15th day of June 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**